**KUANG YI, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 97–66.**
**Court No. 95–12–01668.**

United States Court of
International Trade.

May 27, 1997.

Peter S. Herrick, Miami, FL, for plaintiff.

Frank W. Hunger, Assistant Attorney General, Washington, DC; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley); of counsel: Sheryl A. French, New York City, Office of the Assistant Chief Counsel, United States Customs Service, for defendant.

### *OPINION*

TSOUCALAS, Senior Judge.

Plaintiff, Kuang Yi, Inc., moves pursuant to Rule 56 of the Rules of this Court for summary judgment on the ground that there is no genuine issue as to any material facts. Defendant cross-moves for summary judgment seeking an order dismissing this case.

Plaintiff claims entitlement to interest payments from the United States Customs Service ("Customs") on refund checks issued by Customs for entries liquidated in 1990 and reliquidated in 1995. Defendant cross-moves for dismissal claiming the Court lacks jurisdiction to decide plaintiff's claim and, in the alternative, that Customs is not liable for interest on refunds in this case.

#### *Undisputed Facts*

The parties agree that there is no genuine dispute as to any material fact.[1] Plaintiff

---

1. The Court has compiled this statement of undisputed facts from plaintiff's and defendant's statements of undisputed facts, respectively.

imported artificial flowers through the port of Los Angeles between April 2, 1990 and August 30, 1990 under subheading 6702.90.60 of the Harmonized Tariff Schedule of the United States ("HTSUS"), at a duty rate of 17% *ad valorem*. The subject entries were liquidated on November 2, 1990, under subheading 6702.90.40, HTSUS, at a rate of 9% *ad valorem*. On November 5, 1990, Customs mailed duty refund checks to the address of plaintiff contained in Customs' importer records file. The original refund checks were never cashed.

On June 7, 1991, more than 90 days after liquidation, plaintiff filed protests contesting the liquidation of the subject merchandise. Customs denied the protests on June 28, 1991 and July 15, 1991, noting that the requested action, rate reduction under the HTSUS, was taken at the time of liquidation. By letter dated June 28, 1991, plaintiff requested that defendant issue refund checks which resulted in the initiation of a check trace. On September 18, 1991, the original refund checks were canceled and credited to funds appropriated for duty refunds.

Further inquiry from plaintiff and a request for reliquidation resulted in an investigation of the status of the original refund checks in 1994 and 1995. On December 7, 1995, plaintiff commenced this action claiming that Customs never issued the required refund checks. After reliquidation on December 29, 1995, replacement checks were finally issued on January 2, 1996.

## Discussion

On a motion for summary judgment, it is the function of the court to determine whether there remain any genuine issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the court determines that no genuine issue of material fact exists, summary judgment is properly granted when the movant is entitled to judgment as a matter of law. *See Mingus Constructors, Inc. v. United States*, 812 F.2d 1387 (Fed.Cir.1987). In the case at bar, this Court finds there are no genuine issues of material fact, the dispositive issues to be resolved are legal in nature and, therefore, summary judgment is proper.

## Jurisdiction

Defendant contests plaintiff's assertion of 28 U.S.C. § 1581(i) (1994) as a basis for jurisdiction. First, defendant asserts that plaintiff's claim is not a customs-related claim, but, rather, one involving the United States Treasury rules for issuing substitute checks. Second, defendant emphasizes that since plaintiff's original claim in this action—issuance of substitute checks with interest—is moot, the Court lacks jurisdiction to hear this case. Def.'s Mem. Supp. Cross–Mot. Summ. J. at 3–4.

In response, plaintiff argues that despite the fact that the issuance of replacement checks rendered the claim for recovery of the excess refund moot, this Court has jurisdiction to decide the claim for disgorgement of the benefits received by defendant from plaintiff's assets. According to plaintiff, the remaining issue arises out of laws providing for revenue from imports and falls within the parameters of the residual jurisdiction of this Court. Pl.'s Reply to Def.'s Cross–Mot. Summ. J. at 4.

Section 1581(i) of Title 28, United States Code, is the residual jurisdictional provision of this court, and states the following in pertinent part:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section . . . the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in

paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

The Court of Appeals for the Federal Circuit has acknowledged that § 1581(i) was "intended to give the Court of International Trade broad residual authority over civil actions arising out of federal statutes governing import transactions." *Conoco, Inc. v. United States Foreign–Trade Zones Bd.*, 18 F.3d 1581, 1588 (Fed.Cir.1994). In determining the jurisdiction of this Court pursuant to § 1581(i), however, the Court must stay within the parameters of the statute. *See id.* at 1589; *see also K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 189, 108 S.Ct. 950, 959, 99 L.Ed.2d 151 (1988).

The present action is not one arising out of federal statutes governing import transactions. Once Customs liquidated the entries at the appropriate rate, issued duty refund checks to the address of record and denied plaintiff's protest, Customs performed its duties under the statute governing importations. Subsequent events included a prolonged process of tracing the original refund checks and issuing substitute checks. The issuance of substitute checks is governed by 31 U.S.C. § 3331 (1994). Section 3331 addresses the need for substitute checks to replace original checks "drawn by an authorized disbursing official or agent of the United States Government." 31 U.S.C. § 3331(a)(1)(C). Clearly, the statute is not limited to checks issued by Customs for duty refunds but, rather, encompasses funds disbursed by various agencies of the United States. In other words, plaintiff's dispute involves the Secretary of Treasury's procedure for issuing replacement checks rather than Customs' actions regarding the importation of merchandise. The issuance of the replacement checks did not in any way change the original duty rate assessed by Customs. Plaintiff's claim of entitlement to interest arises out of the delay of Treasury's issuance of substitute checks and, therefore, the merits of this case do not involve interpreting any area of international trade law. As such, the Court does not possess jurisdiction over this action.

*Conclusion*

In accordance with the foregoing opinion, the Court concludes that it does not possess jurisdiction over this action. Accordingly, this case is dismissed.

**JUDGMENT**

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is denied; and it is further

**ORDERED** that defendant's cross-motion for summary judgment is granted; and it is further

**ORDERED** that this case is dismissed for lack of subject matter jurisdiction.